IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Sonia Michelle Wertan, individually and as parent of L.B., a minor under the age of 14, ) ) ) | Case No. 2:21-cv-273-RMG |
| Plaintiff, ) ) | |
| v. ) ) | |
| Terri A. Flynn and State Farm Mutual Automobile Insurance Company, ) ) ) | **ORDER AND OPINION** |
| Defendants. ) ) ) | |

Before the Court is Defendant State Farm Mutual Automobile Insurance Company ("State Farm")'s motion to dismiss (Dkt. No. 17). For the reasons set forth below, the Court grants the motion.

**Background[1]**

Plaintiff Sonia Michelle Wertan, individually as parent of L.B., a minor under the age of 14, alleges that, while operating a 2017 Cadillac she leased from ACAR Leasing Ltd., she was involved in an automobile accident with Defendant Terri A. Flynn. (Dkt. No. 14 ¶¶ 5-7). Wertan alleges the accident diminished the value of the 2017 Cadillac by $12,100.00. (*Id.* ¶ 16). Wertan alleges that only the owner of the car, lessor ACAR, had standing to pursue a diminished value claim against Flynn. (*Id.* ¶ 16). While Plaintiff allegedly could not pursue a diminished value claim against Flynn due to the legal definition of "diminished value," the lease agreement between

---

[1] The Court assumes the truth of the well-pled factual allegations in Plaintiff's Amended Complaint, (Dkt. No. 14), and views those allegations in a light most favorable to Plaintiff, the non-moving party.

1

ACAR and Wertan "stated that the payment for diminished value to the vehicle would be paid to Plaintiff" and payment received by ACAR "would then be received by Plaintiff [] for damages sustained as direct result of [Flynn's] negligence," (*Id.* ¶¶ 16-17). "State Farm, however"—Flynn's insurer—"through two or more of its employees, [allegedly] decided that it did not want to pay Plaintiff [] for diminished value" and conspired to induce ACAR to abandon its lease agreement with Plaintiff and its diminished value claim against Flynn. (*Id.* ¶¶ 18, 22). State Farm allegedly "refused to negotiate a known loss on an accepted claim" and instead pitted ACAR and Wertan against each other and "wait[ed]" for ACAR "to figure out that it would receive no financial benefit by pursuing the claim []as a result of the contractual stipulations in the lease" with Wertan. (*Id.* ¶ 19). State Farm was allegedly successful because ACAR stated in correspondence that Wertan turned in her leased vehicle and it would "no longer be pursuing State Farm for the diminished value." (*Id.* ¶ 20). Plaintiff alleges she was deprived of the payment for diminished value, "damages sustained as a direct result of Defendant State Farm's insured's negligence." (*Id.* ¶ 17).

Plaintiff brings two causes of action: (1) negligence as to Flynn; and (2) civil conspiracy as to State Farm.

State Farm filed a motion to dismiss Wertan's Amended Complaint. (Dkt. No. 17). Wertan opposes. (Dkt. No. 21). State Farm filed a reply. (Dkt. No. 22).

State Farm's motion is fully briefed and ripe for disposition.

**Legal Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." A motion to dismiss tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the

merits of the claim, or the applicability of defenses. Our inquiry then is limited to whether the allegations constitute a short and plain statement of the claim showing that the pleader is entitled to relief." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (internal quotation marks and citation omitted). On a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Although the Court must accept the facts in a light most favorable to the plaintiff, the Court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.* Generally, to survive a motion to dismiss the complaint must provide enough facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. Pro. 8(a)(2). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

### Discussion

State Farm argues Wertan's civil conspiracy claim must be dismissed for two reasons. First, State Farm argues the claim is an improper direct action against an insurer by a third-party. Second, State Farm argues that, even if not precluded as an impermissible direct action, Wertan's civil conspiracy claim is inadequately pled.

"[D]irect actions [by liability claimants] against insurers contravene the common law." *Thibault v. Cleland*, 363 S.E.2d 114, 115 (S.C. Ct. App. 1987) ("[A]t common law, no right to maintain a lawsuit directly against an insurer exists absent privity of contract between the claimant

and the insurer."). "Under the common law, 'no privity [of contract exists] between an injured person and the tortfeasor's liability insurer, and the injured person has no right of action at law against the insurer.'" *Trancik v. USAA Ins. Co.*, 354 S.C. 549, 554, 581 S.E.2d 858, 861 (Ct. App. 2003) (quoting 44 Am. Jur. 2d Insurance § 1445 (1982)); *Swinton v. Chubb & Son, Inc.*, 320 S.E.2d 495, 497 (S.C. Ct. App. 1984) (affirming dismissal of third-party claimant's suit against tortfeasor's liability insurer and noting if the plaintiff's theory was accepted, "the courts would be potentially besieged with . . . suits in every instance in which or whenever third party claimants, rightly or wrongly, disagreed with adjusters over the handling or settlement of claims against their insureds"); *Kennedy v. Henderson*, 346 S.E.2d 526, 528 (S.C. 1986) ("Under the laws of South Carolina, no cause of action exists against an insurer for negligence in failing to determine coverage or adjust a third party claim against the insured under an insurance policy.").

The Court finds Wertan's claim against State Farm is subject to dismissal. "In South Carolina, no right to maintain suit directly against an insurance company exists absent privity of contract between the claimant and the insured." *Glover v. Geico Indem. Ins. Co.*, No. 2:14-CV-02348-RMG, 2014 WL 12538155, at *1 (D.S.C. Dec. 30, 2014). Here, no privity is alleged to exist between Wertan and State Farm. Nor has Plaintiff cited a statute which expressly authorizes that Wertan bring this action against State Farm—Flynn's insurer. *See S. C. Dep't of Health and Envtl. Control v. Commerce & Indus. Ins. Co.*, 372 F.3d 245, 259 (4th Cir. 2004) ("A direct action against an insurer cannot be maintained under South Carolina law unless one of two criteria is satisfied: (1) privity of contract between the claimant and the insurer; or (2) an express statutory grant of the right to restitution."); *Pollock v. Goodwin*, No. C/A3:07-3983CMC, 2008 WL 216381, at *4 n.4 (D.S.C. Jan. 23, 2008) ("More recent cases indicate that such actions against a third-party

4

insurer are allowed only when expressly authorized by law and then only if the insured is joined in the action.") (citing *Major v. National Indem. Co.*, 267 S.C. 517 (1976)).

Alternatively, even if the Court were to consider Wertan's civil conspiracy claim on the merits, it would be subject to dismissal for failure to state a claim.

A plaintiff must allege the following elements to state a cause of action for civil conspiracy: (1) a combination of two or more persons, (2) for the primary purpose of injuring the plaintiff, (3) which causes the plaintiff special damages. *Pye v. Estate of Fox*, 633 S.E.2d 505, 511 (S.C. 2006); *Hackworth v. Greywood at Hammett, LLC*, 682 S.E.2d 871, 874 (S.C. Ct. App. 2009); *Vaught v. Waites*, 387 S.E.2d 91, 95 (S.C. Ct. App. 1989).

First, the Amended Complaint does not allege that a combination of two or more persons conspired against Wertan.  Instead, the Amended Complaint alleges an *intra*-company conspiracy only. (Dkt. No. 14 ¶ 22) ("That Defendant State Farm, through two or more of its employees, decided that it did not want to pay Plaintiff Wertan for diminished value, and through its overt and wrongful acts indued ACAR Leasing Ltd. to abandon its contract with Plaintiff.").  A conspiracy does not exist, however, if the conduct challenged consists of acts "by a single corporation acting exclusively through its own . . . employees." *McMillan v. Oconee Mem'l Hosp., Inc.*, 626 S.E.2d 884, 887 (S.C. 2006) (noting further, "a civil conspiracy cannot exist when the alleged acts arise in the context of a principal-agent relationship because by virtue of the relationship such acts do not involve separate entities").

Second, Wertan does not adequately allege special damages.  The gravamen or quiddity of a civil conspiracy cause of action is the damage resulting to the plaintiff from overt, conspiratorial acts. *Pye*, 633 S.E.2d at 511; *Hackworth*, 682 S.E.2d at 874-75. An unexecuted civil conspiracy is not actionable. *Hackworth*, 682 S.E.2d at 874. The damages allegedly resulting from the overt,

5

conspiratorial act must go beyond the damages alleged in other causes of action, and a conspiracy action is barred where the damages sought are the same as those sought in another cause of action. *Pye*, 633 S.E.2d at 511; *Hackworth*, 682 S.E.2d at 874-75; *Vaught*, 387 S.E.2d at 95; *Allegro, Inc. v. Scully*, 791 S.E.2d 140, 144 (S.C. 2016). The special damages required to assert a civil conspiracy cause of action must be specifically alleged in the complaint. *Allegro*, 791 S.E.2d at 144.

Here, beyond alleging that State Farm refused to pay for the "proven diminished value to Plaintiff's vehicle," Wertan alleges no overt act on State Farm's behalf. *See generally* (Dkt. No. 14 ¶¶ 17-18, 22). Nor, crucially, does Wertan adequately allege special damages. *See Hackworth*, 682 S.E.2d at 875 ("Special damages are those elements of damages that are the natural, but not the necessary or usual, consequence of the defendant's conduct."). Wertan's civil conspiracy claim seeks only damages for the diminished value of the 2017 Cadillac, (Dkt. No. 14 ¶ 22), damages which already Wertan seeks from Flynn, (*Id.* ¶ 10) ("As a direct and proximate result of the negligence . . . of [Flynn] . . . [Wertan] incurred damages from the loss of use of and diminished value to the vehicle"). This subjects Wertan's civil conspiracy claim to dismissal. *Hackworth*, 682 S.E.2d at 875 ("If a plaintiff merely repeats the damages from another claim instead of specifically listing special damages as part of their civil conspiracy claim, their conspiracy claim should be dismissed."); *Charleston Aluminum, Inc. v. Samuel, Son & Co., Inc.,* No. 3:05–02337–MBS, 2006 WL 2370292, at *3 (D.S.C. Aug.15, 2006) (granting defendant's motion to dismiss plaintiff's civil conspiracy claim because "the damages pleaded by [p]laintiff in the civil conspiracy cause of action are duplicative of the damages asserted with respect to the contract causes of action"); *Doe v. Erskine College,* No. Civ. A. 8:04-23001RBH, 2006 WL 1473853, at * 17 (May 25, 2006) (holding plaintiff's conspiracy claim failed as a matter of law because plaintiff failed to plead

6

special damages; instead plaintiff's conspiracy count "merely realleged[d] the same damages [p]laintiff claim[ed] to have suffered in relation to her other claims").

In sum, Wertan's civil conspiracy in inadequately pled and must be dismissed.

## Conclusion

For the reasons set forth above, the Court **GRANTS** State Farm's motion to dismiss, (Dkt. No. 17), and dismisses State Farm from this action as a party defendant.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel<br>
United States District Judge

April 29, 2021<br>
Charleston, South Carolina